**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| FRANCISCO BUITRAGO, ) | |
| BOP # 41177-048, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:14-CV-475-G (BH) |
| ) | |
| EDDY MEJIA, Warden, ) | |
| FCI-SEAGOVILLE, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3–251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I. BACKGROUND**

Francisco Buitrago (Petitioner), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) in Seagoville, Texas, brought this action under 28 U.S.C. § 2241 to challenge a Bureau of Prisons (BOP) disciplinary charge and hearing. (doc. 3 at 1-4.) He seeks an order reinstating 47 days of good conduct time and a return to camp status custody. (doc. 3, at 5.) He named Eddie Majia, Warden of FCI Seagoville, as the respondent.[1]

**A.   Disciplinary Charge**

Petitioner was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) in the District of Nevada, and he was sentenced to 144 months imprisonment on April 1, 2008. *United States v. Buitrago,* No. 3:06-CR-0182-HDM-VPC,

---

[1] The correct spelling of the Warden's name is actually Eddy Mejia, and the spelling shall be corrected on the docket.

(Judgment, ECF No.110.) While serving his sentence at a minimum security Federal Prison Camp (FPC) adjacent to the United States Penitentiary in Tucson, Arizona (USP Tucson), Petitioner was charged with violating BOP disciplinary code section 108,[2] i.e., Possession, Manufacture or Introduction of a Hazardous Tool. (doc. 9 at 12-13.)

Officer J. Crutcher was conducting rounds in the camp dorm on January 19, 2011, when he found a Nokia cell phone lying under a newspaper in cubicle 53. The officer subsequently prepared an incident report charging Petitioner with the commission of a prohibited act under code section 108 based on his observation that Petitioner was "in the cell at the time attempting to conceal the phone with the paper. Inmate Buitrago 41177-048 is assigned to this cell." (*Id*. at 12.) A photograph of the cell phone was attached to the incident report. (*Id.* at 12.) The incident report was delivered to Petitioner the next day. (*Id*. at 13, § 23.) It states that Petitioner was advised of his rights and that he acknowledged that he understood them. (*Id.* at 13, §§ 23-24.) Petitioner responded to the charges by stating, "I had just came back from eating some chicken when the officer was in my cubicle and I had no acknowledgment [sic] that the item was there." (*Id*. at 13, § 24.)

**B.    <u>Hearing</u>**

The Unit Discipline Committee (UDC) hearing was held on the same day that Petitioner received the incident report, January 20, 2011. (*Id,* at 13, §§ 17-21.) During that initial review Petitioner stated, "It wasn't mine. It was found on the desk in a common area of the room." (*Id*. at §17.) The UDC referred the charge to a Discipline Hearing Officer (DHO). (*Id*. at § 18.) Petitioner

---

[2]BOP regulations at the time Petitioner was charged provided for four categories of prohibited acts, including the series 100 or "Greatest" category prohibited acts. 28 C.F.R. § 541.13 (2009). On December 8, 2010, the BOP published amended disciplinary regulations, found at 28 C.F.R. §§ 541.1-541.8. *See* 75 Fed. Reg. 76263, 2010 WL 4956298 (Dec. 8, 2010).

2

then signed for receipt of two documents, an Inmate Rights at Discipline Hearing and a Notice of Discipline Hearing before the DHO. (doc. 9, at 124, 126.) He waived his rights to a staff representative and to call witnesses. (*Id.* at 126.)

The DHO hearing was held eight days later, on January 28, 2011. (Doc. 9, at 128-130.) Petitioner denied ownership of the cell phone, telling the DHO that there was a phone under the newspaper, but it was in a common area. (*Id*. at 129, §§ III-IV.) The DHO found that Petitioner committed the prohibited act as charged. (*Id*. at 129, § IV.) The DHO based this finding on the officer's written account and the photograph of the cell phone. (*Id*. at 129, § V.) The DHO noted that although Petitioner denied the charge against him, he provided no evidence to dispute the reporting officer's account. (*Id.*) Based on the greater weight of the evidence, the DHO found Petitioner committed the prohibited act in code 108, Possession of a Hazardous Tool (Cell Phone). (*Id*. at 129, § V.) Petitioner appealed the DHO finding through the BOP administrative remedy process, and exhausted his administrative remedies.

**C.     Issues**

Petitioner contends that (1) there was no evidence to support the finding that he had knowledge or constructive possession of the cell phone; and (2) he was denied the right to due process of law in the disciplinary hearing finding him guilty. (doc. 3, at 4.)

## II. DUE PROCESS

In order to establish a violation of the due process of law in connection with a disciplinary hearing, a prisoner must establish that he has been denied a "'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship

3

on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974) the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing that results in a sanction affecting a liberty interest. Constitutional due process requires that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).

As to the first factor, on January 20, 2011, Petitioner was served with a copy of the incident report and was given notice of the hearing, which was held eight days later, on January 28, 2011. He was provided advance written notice of the charges well in advance of the hearing, and he does not assert otherwise.

With regard to the second factor, Petitioner appeared at the hearing on January 28, 2011. He was given the opportunity to call witnesses but waived his right to do so and did not subsequently request any. (doc. 9, at 126, 128.) He was also given the opportunity to present evidence, and he does not assert otherwise. (doc. 9, at 128-29.)

As to the third factor, Petitioner received a written statement by the factfinder setting forth the evidence upon which the decision was based, and the reasons for the action. He does not assert otherwise. That report included as a sub-heading the "Specific Evidence Relied on to Support Findings." (doc. 9, at 129, § V.) The last factor was satisfied. Petitioner was afforded all of the due process required under *Wolff*. He therefore fails to show that his due process rights were violated.

4

### III. NO EVIDENCE

Petitioner also contends that there was "no evidence" presented to support the charges against him.

Due process does not require that the evidence in such a prison disciplinary proceeding eliminate all other possible conclusions, but only that there is "some evidence" in support. *Hill*, 472 U.S. at 455-56; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A 1981) (inquiry is whether the decision of the prison authority supported by "some facts" or "any evidence at all.") "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 572 U.S. at 455-56 (citations omitted). The reporting staff member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). When reviewing a prison disciplinary decision, "the standard to be applied is whether the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith*, 659 F.2d at 543; *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Petitioner claims that there was "no evidence" for the DHO to find him guilty because he shared his space with three other prisoners, and his "cubicle" was open to 130 other prisoners. (doc. 3, at 4.) An inmate who shares living quarters with other inmates may be held responsible for possession of a hazardous tool found concealed in the living quarters and accessible to all of the inmates who live there, however. *Flannagan v. Tamez*, 368 F. App'x 586, 588, and n.6 (5th Cir. 2010). "A person has constructive possession of a prohibited item if he knowingly has ownership,

5

dominion, or control over the contraband or over the premises in which the contraband is located." *United States v. Fambro*, 526 F.3d 836, 839 (5th Cir. 2008) (citing *McKnight*, 953 F.2d at 901). "The mere fact that the phone was found in an area accessible to other inmates does not render a disciplinary finding that the inmate possessed contraband constitutionally infirm." *Davis v. Bragg*, 2011 WL 1868382, at *4, n.32 (W.D. Tex. 2011) (citing *Lee v. Berkebile*, 2007 WL 1062187 (N.D. Tex. 2007) , *aff'd,* 270 F. App'x 359 (5th Cir. 2008); *see also Pruitt v. Martin*, 2013 WL 6141653, at *3 (E.D. Tex. 2013), *aff'd*, 582 F. App'x 319 (5th Cir. 2014).  Moreover, BOP Program Statement 5270.08, *Inmate Discipline & Special Housing Units*, provides that it is an inmate's responsibility to keep his/her area free of contraband. PS 5270.08, Chapter 3, Page 1, Responsibilities, #4 (doc. 9, at 30.)  The discovery of the cell phone in Petitioner's living space supports a finding of constructive possession. *See Betancur v. Chandler*, No. 4:12-CV-506-Y, 2012 WL 6650978, at *3 (N.D. Tex. Dec. 3, 2012), *adopted*, 2012 WL 6651904 (N.D. Tex. Dec. 21, 2012).

There was also other evidence to support the DHO's findings. (doc. 9, at 129, § V.)  The DHO relied on (1) the incident report in which Officer Crutcher stated that he witnessed Petitioner concealing the cell phone with a newspaper while it was on a desk in his assigned cubicle, (2) the photograph of the cell phone, and (3) Petitioner's statement that there was a phone under the newspaper. (*Id.*)  Petitioner has failed to show that there was insufficient evidence to uphold the DHO's decision and imposition of sanctions.

## IV. RECOMMENDATION

The request for habeas corpus relief filed under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SO ORDERED this 6th day of August, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE